**2024 BNH 005**     Note:   This is an unreported opinion.  Refer to LBR 1050-1 regarding citation.
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 23-10329-BAH |
| | Chapter 7 |
| Stephen J. DeCosta and | |
| Joann L. DeCosta, | |
|    Debtors | |
| | |
| Edmond J. Ford, Trustee, | |
|    Plaintiff | |
| | |
| v. | Adv. No. 23-1009-BAH |
| | |
| Stephen J. DeCosta and | |
| Joann L. DeCosta, | |
|    Defendants | |

*Ryan M. Borden, Esq.*
*Ford, McDonald & Borden, P.A.*
*Portsmouth, New Hampshire*
*Attorney for Plaintiff*

*Robert L. O'Brien, Esq.*
*Robert L. O'Brien, Attorney at Law*
*New Boston, New Hampshire*
*Attorneys for Defendant*

## MEMORANDUM OPINION

### I.  INTRODUCTION

  Edmond J. Ford, chapter 7 trustee (the "Bankruptcy Trustee"), filed a three-count complaint against Stephen and Joann DeCosta (the "Debtors" or "Defendants") seeking to avoid the Debtors' claimed homestead exemption in their residence, pursuant to 11 U.S.C. § 544 and NH RSA 480:9 (Count I); objecting to the Debtors' claim of homestead exemption pursuant to

NH RSA 480:1 with respect to that portion of their residence used for non-residential, commercial purposes (Count II), and objecting to the Debtors' claim of homestead exemption under NH RSA 480:1 as the Debtors failed to comply with NH RSA 480:9 when they transferred their residence into a trust (Doc. No. 1) (the "Complaint").  The Debtors filed a motion seeking summary judgment in their favor on all three counts (Doc. No. 16) (the "Debtors' Motion").  The Bankruptcy Trustee filed a cross-motion seeking summary judgment on Counts I and III of the Complaint (Doc. No. 19) (the "Bankruptcy Trustee's Motion").  The parties also filed various documents in response to the motions (Doc. Nos. 17, 21, 22, 23, and 25).  The Court held a hearing on the cross-motions on May 8, 2024, and took the matter under advisement.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and Local Rule 77.4(a) of the United States District Court for the District of New Hampshire.  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II.  FACTS

The facts are not in dispute.[1]  The Debtors reside at property located at 1595 Quincy Road in Rumney, New Hampshire (the "Property").  The Property is owned by the DeCosta

---

[1] The Court notes that the Debtors' Motion did not comply with LBR 7056-1(a)(2), which required that "[t]he separate statement of facts shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record and other supporting materials relied upon to support the facts set forth in that paragraph."  LBR 7056-1(a)(2) warns that "[f]ailure to submit such a statement constitutes grounds for denial of the motion."  For that reason, the Court could deny the Debtors' Motion on that basis alone, but it will exercise its discretion not to do so.

When the Debtors filed their objection to the Trustee's Motion, they failed to comply with LBR 7056-1(b)(2)(B), which required them to file a "separate, concise response to the movant's statement of facts" by responding to "each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record and other supporting materials relied upon."  LBR 7056-1(b)(2) provides further that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."  Accordingly, all of the Bankruptcy Trustee's material facts may be deemed admitted.

Family Living Trust (the "Trust"). The Trust is a revocable trust. The Debtors owned the Property in their individual capacities as joint tenants with rights of survivorship before September 16, 2016. On or about September 16, 2016, the Debtors transferred the Property in their individual capacities to themselves in their capacities as trustees of the Trust, by executing and recording a deed in the Grafton County Registry of Deed at Book 4232, Page 259 (the "Deed").[2] The Deed does not contain any recitation that the Trust is a revocable trust.

The Debtors filed a chapter 7 bankruptcy petition on June 22, 2023 (the "Petition Date"). On Schedule A/B the Debtors indicated as follows with respect to the Property:

| 1.1 | 1595 Quincy Road | | | |
|---|---|---|---|---|
| | Street address, if available, or other description | | | |
| | Rumney | NH | 03266-0000 | |
| | City | State | ZIP Code | |
| | Grafton | | | |
| | County | | | |

What is the property? Check all that apply
■ Single-family home
■ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

Who has an interest in the property? Check one
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

Current value of the entire property? $240,000.00
Current value of the portion you own? $240,000.00

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known. **Life Estate**

☐ Check if this is community property (see instructions)

Other information you wish to add about this item, such as local property identification number:
single family home, garages for businesses, 2- unit apartment building held for benefit of debtors in Decosta Family Living Trust dated: 5/9/2012. home has condemned chimney, requires $6,000 to replace stove and chimney
Unit 1 vacant-requires $1,000 in repairs. Unit 2 vacant - requires $6,000-$10,000 in repairs

---

In addition, the Bankruptcy Trustee indicated that he served the Debtors with discovery requests, including a request for admissions, on October 13, 2023, and he did not receive any responses. Consistent with Federal Rule of Civil Procedure 36(a)(3), which is made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 7036, each "matter is admitted."

[2] The Debtors failed to provide the Court with a copy of the Deed or the Trust when they filed Debtors' Motion, and therefore they are not part of the Debtors' summary judgment record. The Bankruptcy Trustee included a copy of the Deed when he filed the Bankruptcy Trustee's Motion.

3

On Schedule C they claimed an exemption in the Property in the amount of $182,599.00 pursuant to NH RSA 480:1:

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own<br>Copy the value from Schedule A/B | Amount of the exemption you claim<br>Check only one box for each exemption. | Specific laws that allow exemption |
|---|---|---|---|
| 1595 Quincy Road Rumney, NH 03266  Grafton County single family home, garages for businesses, 2- unit apartment building held for benefit of debtors in Decosta Family Living Trust dated: 5/9/2012. home has condemned chimney, requires $6,000 to replace s<br>Line from *Schedule A/B*: 1.1 | $240,000.00 | ■  $182,599.00<br>☐  100% of fair market value, up to any applicable statutory limit | N.H. Rev. Stat. Ann. § 480:1 |

(Truncation in original.)  On Schedule J they indicated that the two apartment units in the Property were vacated before the Petition Date:

24. Do you expect an increase or decrease in your expenses within the year after you file this form?
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.   Explain here: Auto repair business has had no clients for 6 months
Home Inspection business had only one bank clients and no inspections for 6 months.
Apt 1 was vacated in January 2023.  Needs $1,000 in repairs to be habitable.
Apt 2 was vacated in May 2023 with arrears back to Febr 2023.  Needs $6,000 to 10,000,000 in repairs to be habitable.
Expected non-monthly expenses Fuel oil $3,500 and 2nd half taxes $3,000.

Form 122A-1 reflected that the Debtors earned rental income from the Property between December 2022 through May 2023 in the following amounts:

Line 6 - Rent and other real property income
Source of Income: rental income
Income/Expense/Net by Month:

|  | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | 12/2022 | $1,210.00 | $1,147.00 | $63.00 |
| 5 Months Ago: | 01/2023 | $1,300.00 | $1,147.00 | $153.00 |
| 4 Months Ago: | 02/2023 | $1,100.00 | $1,147.00 | $-47.00 |
| 3 Months Ago: | 03/2023 | $1,200.00 | $1,147.00 | $53.00 |
| 2 Months Ago: | 04/2023 | $60.00 | $1,147.00 | $-1,087.00 |
| Last Month: | 05/2023 | $0.00 | $1,147.00 | $-1,147.00 |
|  | Average per month: | $811.67 | $1,147.00 |  |
|  |  | Average Monthly NET Income: |  | $-335.33 |

They indicated in an affidavit attached to the Debtors' Motion that while they previously rented two apartments in Property, they "have had no desire to do so for one to six months prior

4

to the filing date of the petition" and "have no desire, resources or intent to be in the landlord business since prior to the filing of the petition and into the future."[3]

Between the recording of the Deed in September 2016 and the Petition Date of June 22, 2023, only three other documents were recorded in the Grafton County Registry of Deeds that relate to the Debtors and reference the Trust:

> A Partial Release of Mortgaged Premises between Citizen's Bank, N.A. and the Debtors, recorded on October 13, 2020, at Book 4564, Page 139;
>
> A Certificate of Trustee executed by the Debtors in their capacity as trustees of the Trust recorded on October 29, 2020, at Book 4569, Page 784; and
>
> A warranty deed from the Debtors, in their capacity as trustees of the Trust, to Deborah A Cutter and Karen Comeau, recorded on October 29, 2020, at Book 4569, Page 785.

None of these documents include the word "revocable" in the name of the Trust or any other language that indicates that the Trust is a revocable trust. As of the Petition Date, no other document recorded in the Grafton County Registry of Deeds indicated that the Trust was a revocable trust as of the date that the Deed was recorded.

On September 20, 2023, Attorney W. Michael Todd executed an affidavit (the "Attorney Affidavit"), indicating that he prepared the Trust for the Debtors on May 2, 2012; that the Trust was restated in its entirety on August 30, 2016; that the Trust recites it is revocable; that he advised the Debtors to re-title all of their real and personal property into the name of the Trust, and that at the time the Property was conveyed into the Trust on or about September 6, 2016, the Trust was revocable. The Attorney Affidavit was executed postpetition and after this adversary proceeding was

---

[3] In his objection to the Debtors' Motion, the Bankruptcy Trustee stated that he "is without knowledge to adequately inform him of what portion of the Property the Debtors did or did not use for personal use versus commercial use. The Bankruptcy Trustee does not possess facts to contradict the Debtors' affidavit as to the use of their Property, other than their statements on their petition and schedules indicating that the Property contains a 2-unit apartment building and that they are owed back-rent from tenants."

5

commenced. Specifically, it was recorded in the Grafton County Registry of Deeds at Book 4827, Page 835, on September 22, 2023, three months after the Debtors filed the Petition, and after the Complaint was filed with this Court. The Debtors did not seek relief from this Court under either 11 U.S.C. §§ 362 or 549 before the Attorney Affidavit was recorded in the Grafton County Registry of Deeds.[4]

**III. DISCUSSION**

The Debtors seek summary judgment in their favor on all three counts of the Complaint as they contend that they have a valid homestead interest in the entirety of the Property under New Hampshire law, despite the Property being held in the Trust. The Bankruptcy Trustee seeks partial summary judgment in his favor with respect to Counts I and III of the Complaint. He contends that the Debtors do not have a valid homestead exemption in the Property, and that any attempt to create one prepetition or postpetition by the recording of the Attorney Affidavit was ineffectual, and is void (or voidable) pursuant to the applicable provisions of the Bankruptcy Code.

In New Hampshire, residents may claim an exemption in their homestead property as follows:

> Every person is entitled to $120,000 worth of his or her homestead, or of his or her interest therein, as a homestead.

NH RSA 480:1. The purpose of the homestead exemption is "to secure to debtors and their family the shelter of the homestead roof." Deyeso v. Cavadi, 165 N.H. 76, 79 (2013). The

---

[4] These facts were deemed admitted when the Debtors failed to respond to the Bankruptcy Trustee's Request for Admission. While it is not clear from the record whether Attorney Todd consulted the Debtors before recording the Attorney Affidavit, it remains that no one requested leave to do so from this Court.

6

homestead exemption is not unlimited, however. See, e.g., In re Brady, 2022 BNH 003 (sustaining the trustee's objection to the debtor's assertion of a separate homestead exemption under RSA 480:1 on behalf of her non-debtor spouse who was not an owner of the couple's residence, and sustaining the trustee's objection to the debtor's similar amendment to Schedule D as the homestead exemption does not create a statutory or other type of lien on the couple's residence in favor of a non-debtor, non-owner spouse), aff'd, Brady v. Sumski, No. 1:22-cv-00272-SM (D.N.H. Aug. 23, 2023); In re St. Laurent, 2022 BNH 002 (sustaining the chapter 7 trustee's objection to the debtor's claim of a homestead exemption under RSA 480:1 in the proceeds from the sale of the debtor's marital home as the debtor was not an owner of the property at the time of his divorce and thus was unable to satisfy the ownership requirement); In re Hopkins, 2021 BNH 004 (sustaining the chapter 13 trustee's objection to the debtor's claim of a homestead exemption under NH RSA 480:3-a on account of his deceased spouse's interest in the homestead, as RSA 480:3-a applies to protect surviving spouses who do not have an ownership interest in their residence at the time of the homeowner's death; here, the debtor was only entitled to claim a homestead exemption on account of his ownership interest in the property pursuant to RSA 480:1); In re Weiner, 2015 BNH 013 (sustaining creditors' objections to the homestead exemption of the debtor and non-debtor spouse pursuant to NH RSA 480:1; the debtor and spouse had abandoned the property in question by moving to Costa Rica with no evidence of an intent to return).

New Hampshire RSA 480:9 provides further that:

> A conveyance of real property by deed to one or more trustees of a revocable trust shall not result in the loss of homestead rights of any person executing the deed (unless the deed contains an express release of homestead rights by such person) <u>provided</u> that <u>such retained homestead rights</u> in any such property <u>shall not be enforceable against any other person to the extent such other person acquired an interest in or lien on the property after its conveyance into the trust without having notice of the revocability of the trust</u>. Such

7

>notice may be given by the inclusion of the word "revocable" in the name of the trust as recited in the deed, or by the recitation in the deed or a subsequently recorded document that at the time of the conveyance the trust was a revocable trust.

NH RSA 480:9 (emphasis added).

Section 541(a)(1) of the Bankruptcy Code provides that "all legal or equitable interests of the debtor in property" become property of a debtor's bankruptcy estate upon the filing of a bankruptcy case. 11 U.S.C. § 541(a)(1). Section 544(a) of the Bankruptcy Code provides in relevant part that "[t]he trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor … that is voidable by … a creditor … that obtains a judicial lien, whether or not such a creditor exists, … or … a bona fide purchaser…. from the debtor, whether or not such a purchaser exists." 11 U.S.C. § 544(a)(1) and (3). The Bankruptcy Trustee argues that he is entitled to judgment with respect to Counts I and III of the Complaint because New Hampshire law provides that the Debtors' homestead interest in the Property will be senior to the interest acquired by the Bankruptcy Trustee (and the bankruptcy estate) pursuant to §§ 544 and 541, <u>only if</u> a document in the Grafton County Registry of Deeds put the Bankruptcy Trustee on notice that the Trust was revocable at the time he obtained an interest in the Debtors' Property, and no such document was in the registry on the Petition Date.

The Bankruptcy Trustee does not deny that the Debtors' Trust is revocable. Rather, he states that as of the Petition Date, the Grafton County Registry of Deeds contained no document stating that the Trust was revocable. In the Bankruptcy Trustee's view, because no such document existed in the registry on the Petition Date, the Bankruptcy Trustee's interest in the Property is not burdened by the Debtors' claimed homestead exemption.

8

The Debtors dispute that there was no document in the registry that would have put the Bankruptcy Trustee on notice that the Truste was revocable. The Debtors contend that the Attorney Affidavit, which was recorded postpetition, can serve as a "subsequently recorded document" within the meaning of RSA 480:9 and thus provide the requisite notice. The Debtors argue that "[t]he language of the statute does not provide any time limit on such recordings, and equity would dictate that such a recorded document, which states that the trust was revocable since inception, must be controlling."

In response, the Bankruptcy Trustee argues that the Debtors' interpretation ignores certain language in RSA 480:9 that governs this dispute, i.e., that "such retained homestead rights in any such property shall not be enforceable against any other person to the extent such other person acquired an interest or lien on the property after its conveyance into the trust without having notice of the revocability of the trust." In the Bankruptcy Trustee's view, the Debtors' interpretation effectively nullifies the requirement of the statute that such notice must be provided before a third party acquires an interest.

The Court agrees with the Bankruptcy Trustee that "the moment in time in which a third party's knowledge is measured is the moment when such third party acquires an interest in the property – not months later," as the Debtors argue. Here, the Bankruptcy Trustee acquired an interest in the Property on the Petition Date pursuant to § 544. The Bankruptcy Trustee did not have "notice of the revocability of the trust" on that date, as the Attorney Affidavit was not filed until three months later. In addition, the recording of the Attorney Affidavit postpetition—in an attempt to satisfy the requirements of RSA 480:9—can be construed as both a violation of the automatic stay and an unauthorized transfer of property of the bankruptcy estate, and therefore void or voidable, respectively. See Soares v. Brockton Credit Union (In re Soares), 107 F.3d

9

969, 976 (1st Cir. 1997) (holding that actions taken in derogation of the automatic stay are void); 11 U.S.C. § 362(a)(3) ("[A] petition … operates as a stay, applicable to all entities of … any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."); 11 U.S.C. § 549(a) ("[T]he trustee may avoid a transfer of property of the estate (1) that occurs after the commencement of the case; and … (2)(B) … that is not authorized under this title or by the court.").  The Court finds that the postpetition filing of the Attorney Affidavit does not satisfy the requirements of RSA 480:9 to preserve the Debtors' homestead exemption.

In a strained effort to preserve their homestead exemption in the Property, the Debtors argued in their objection to the Bankruptcy Trustee's Motion that the separately recorded Certificate of Trustee (which was recorded at the Grafton County Registry of Deeds prepetition on October 29, 2020) contains the language "u/d/t," which they argue was sufficient to put the Bankruptcy Trustee on notice of the Trust's revocability.  According to the Debtors, this language "by legal definition, proves the trust is revocable, as UDT stands for 'under declaration of trust,' and this indicates that the grantor and the trustee are the same individual.  The grantor maintains control over the assets they've placed into the trust, and they can only do that if the trust is revocable."  The Debtors assert that no other interpretation or conclusion of the "u/d/t" language is possible.  The Debtors argue that since the Certificate of Trustee was filed prepetition, the Bankruptcy Trustee was on notice that the Trust was revocable as of the Petition Date.  Accordingly, they state they have a valid homestead exemption.

The Bankruptcy Trustee filed a reply to the Debtor's objection arguing first that the Debtors cite no statute, case law, or any authority for the proposition that the term "u/d/t" means that the trust is revocable.  The Bankruptcy Trustee states he was unable to find any statute, case

law, or other authority that supports the Debtors' proposition. The Bankruptcy Trustee noted that the New Hampshire Trust Code (NH RSA 564-B) does not state that "u/d/t" means a trust is revocable. Further, nowhere in the New Hampshire Trust Code does it state that the settlor of an irrevocable trust cannot be the trustee.

In addition, the Bankruptcy Trustee states that "the Bankruptcy Trustee's counsel has reviewed various New Hampshire Registry of Deeds and searched for the use of 'u/d/t' with respect to irrevocable trusts, and found instances of the use of 'u/d/t' with respect to irrevocable trusts." The Bankruptcy Trustee further noted that in his forty years of practicing law, he has never before encountered the argument that use of the language "u/d/t" or any similar shorthand has any unique meaning relating to revocable trusts. The Court is likewise unaware of any such argument outside the context of this proceeding.

For the reasons that the Bankruptcy Trustee has articulated, the Court agrees that use of the language "u/d/t" in the Certificate of Trustee did not put the Bankruptcy Trustee on notice that the Trust was revocable as of the Petition Date. Therefore, the Debtors did not satisfy the requirements of RSA 480:9.

## IV.  CONCLUSION

The Bankruptcy Trustee's objection to the Debtors' claim of a homestead exemption under NH RSA 480 is sustained, as the Debtors did not comply with the requirements of RSA 480:9. Further, to the extent the Debtors intended to retain a homestead exemption in the Property upon transferring it to the Trust, the Bankruptcy Trustee is entitled to avoid that attempted retention of their homestead exemption in the Property pursuant to 11 U.S.C. §

544(b)(1).  Because the Court concludes that the Debtors do not have a homestead exemption in the Property, Count II of the Complaint is moot.

      This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue an order granting the Bankruptcy Trustee's Motion and denying the Debtors' Motion.  Consistent with this opinion, the Court will issue a separate judgment in favor of the Bankruptcy Trustee on Counts I and III of the Complaint and denying judgment on Count II of the Complaint as moot.

      ENTERED at Concord, New Hampshire.


Date:  May 28, 2024                                        /s/ Bruce A. Harwood
                                                            Bruce A. Harwood
                                                            Chief Bankruptcy Judge